UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| STANLEY LEE HAYWARD, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) | Case No. CV416-111 <br> CR408-203 |

## REPORT AND RECOMMENDATION

Stanley Lee Hayward[1] brings what the Government concedes is a timely filed, first 28 U.S.C. § 2255 motion in which he seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016). CR408-203, doc. 35; doc. 41 (Government's response brief). This Court sentenced him to 180 months' imprisonment

---

[1] Until this ruling, the defendant's last name has appeared on this Court's docket and in prior documents as "Heyward." The Presentence Investigation Report (PSR) confirms, however, that the "[t]he correct spelling of the defendant's last name is Hayward." PSR at 1. Hayward himself appears to be confused. *See* CR408-203, doc. 42 at 4 (he signed his name "Hayward" to one of his briefs); doc. 43 at 1 (he typed his name "Hayward" to another one of his briefs); *id.* at 7 (same brief, signed his name "Heyward" over a pre-printed signature block that uses the "Hayward" spelling). The Court concludes that "Hayward" is the actual spelling. It thus **DIRECTS** the Clerk to amend the caption accordingly; all subsequent filings shall conform.

for violating 18 U.S.C. § 922(g)(1), with his sentence enhanced under 18 U.S.C. 924(e) for being an armed career criminal (with multiple felony convictions) while in possession of a firearm and ammunition. Doc. 26 at 1-2.

The Armed Career Criminal Act (ACCA) -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B)(i). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. But crimes falling under that provision's other clauses, known as the "elements and "enumerated crimes" clauses,[2] are not affected by *Johnson's* holding. *Id.* at 2563.

---

[2] As more thoroughly explained by the Eleventh Circuit:

> ACCA gives three definitions of "violent felony." First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Second, § 924(e)(2)(B)(ii) covers any offense that "is

2

There is no dispute that Hayward's 180-month sentence was ACCA-enhanced by three prior felonies -- aggravated assault in violation of O.C.G.A. § 16-5-21. *See* doc. 41-1 at 10 (1986 conviction for two counts of aggravated assault); doc. 41-2 at 19 (1989 conviction for aggravated assault plus gun-related charges); doc. 41-3 at 20 (1998 conviction for aggravated assault plus other gun-related charges); Presentence Investigative Report (PSR) ¶¶ 26-27; doc. 43 (Hayward's brief not disputing any of these record facts). He contends, however, that § 16-5-21 is "overbroad for determining whether" he committed an "ACCA" violent felony. Doc. 43 at 2. Furthermore, he argues, § 16-5-21 is "indivisible because it has a single indivisible set of elements."[3] *Id.*

---

burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause.

*In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016). Prior felonies supporting an ACCA enhancement are thus examined under this tripartite distinction, but it has led to much litigation. *See e.g., In re Leonard*, ___ F.3d ___ 2016 WL 3885037 at *4 (11th Cir. July 13, 2016) ("Moreover, to qualify as an enumerated crime, 'the least of the acts criminalized' under the [state burglary statute at issue] must be 'encompassed by the generic federal offense' of burglary. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)."); *Ziglar v. United States*, ___ F. Supp. 3d ___, 2016 WL 4257773 at * 8 (M.D. Ala. Aug. 11, 2016).

[3] More specifically, he relies on *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 228 (2013) (holding, under the "categorical approach" used by courts to analyze prior state convictions for ACCA enhancement purposes, that a prior conviction qualifies as an ACCA predicate offense only if that statute's elements are the same as,

3

or narrower than, those of what's known as the ACCA's "generic offense"). Hayward says that §16-5-21 is overbroad because it sweeps more broadly than the generic crime, so "a conviction under that statute cannot count as [an ACCA] predicate [offense] even if he committed the offense in the generic form." Doc. 43 at 3. Because § 16-5-21 "does not list each violent felony," he further contends, it is "indivisible." *Id.*

These *Descamps*-based arguments dial directly into the ganglionic complexity suffusing this area of law. As one court recently explained:

> To determine whether a prior conviction is a qualifying conviction, the court must engage in what is referred to as "the categorical approach." *See Taylor v. United States*, 495 U.S. 575, 599 (1990). Under the categorical approach, the court must "identify 'the minimum criminal conduct necessary for conviction under a particular statute.' " *United States v. Hill*, ___ F.3d ___, 2016 WL 4120667, at *3 (2d Cir. Aug. 3, 2016). The court may only examine the elements contained in the statutory definition of the predicate offense -- not the underlying facts of conviction -- to determine whether the conviction meets the criteria of a certain category of offense. *Taylor*, 495 U.S. at 577. Elements are the "'constituent parts' of a crime's legal definition -- the things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)). Facts, however, are "mere real-world things -- extraneous to the crime's legal requirements." *Id.* If a person can be convicted under the statute without engaging in conduct that is categorically violent, a conviction under that statute cannot serve as a qualifying conviction under the categorical approach. *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2288 (2013).
>
> There are, however, a "narrow range of cases" in which a court may look "beyond the statutory elements" of the crime to determine whether it is a qualifying conviction under the ACCA. *Descamps*, 133 S. Ct. at 2283-84. When a statute defines a crime by listing alternative elements, sentencing courts employ what is referred to as the "modified categorical approach" to discern which of the alternative elements is integral to the defendant's conviction. *Mathis*, 136 S. Ct. at 2249. Under that approach, courts look to a limited class of documents to determine "what crime, with what elements, a defendant was convicted of" before comparing that crime's elements to those of the generic offense. *Id.*; *see Shepard v. United States*, 544 U.S. 13, 23 (2005) (identifying which documents may be considered).

*Wiggan v. United States*, 2016 WL 4179838 at * 5 (D. Conn. Aug. 5, 2016).

4

Finally, he argues that § 16-5-21 "does not qualify as a violent felony under" § 924(e)(2)'s "elements" or "enumerated offense" clauses "and thus, is not a generic crime of 16-5-21(a)(2)." *Id.*

Hayward's convictions for aggravated assault count as violent felonies under the ACCA's elements clause. That clause categorizes as violent felonies those crimes that have "as an element the use, or attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1)(2)(B)(i). Aggravated assault -- in the 1985 and 1998 versions that existed when Hayward violated it (PSR at ¶¶ 26-27) -- undeniably fits that bill. *See* O.C.G.A. § 16-5-21 ("A person

---

Hayward's "divisibility argument implicates the "modified categorical approach" analyzed by *Mathis*. After *Mathis*, resort to the "modified categorical approach" to determine whether a prior conviction constitutes a valid predicate offense to apply the career offender enhancement is not proper where a statute merely defines an alternative factual *means* to commit a single, indivisible offense, rather than defining several alternative *elements* to create multiple, separate offenses. *Mathis*, 136 S. Ct. at 2248-53; *see also Sutton v. Quintana*, 2016 WL 4595213 at * 2 (E.D. Ky. Sept. 2, 2016) ("*Mathis* teaches that a criminal statute is divisible, thus permitting resort to the "modified categorical approach" of *Shepard v. United States*, 544 U.S. 13 (2005) and review of charging documents to determine whether the conviction was for a "violent felony," only when it defines multiple criminal offenses by setting forth alternative criminal elements. In contrast, a criminal statute is indivisible when it defines only one offense, even where it sets forth alternative factual *means* of committing that single offense. *Mathis*, 136 S. Ct. at 2248-53.") (emphasis added).

But here it is questionable whether Hayward can even invoke *Descamps* and thus enmesh the Court into a divisibility analysis. *See Ziglar*, 2016 WL 4257773 at *1 (*Decamps* is not retroactively available on collateral review); *Leonard*, 2016 WL 3885037 at * 9 n.7 (concurrence collecting Eleventh Circuit cases ruling, *inter alia*, that "*Descamps* cannot serve as a basis for any *Johnson* claim") (quotes and cite omitted).

commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . ."). *See* doc. 41 at 3-4 (detailing Hayward's prior felonies, to which Hayward neither objects nor disputes); doc. 43 at 2 (Hayward's recitation of § 16-5-21; *Neesmith v. United States*, 2016 WL 1688780 at * 2 (S.D. Ga. Apr. 26, 2016)). An ACCA enhancement requires "the elements of the statute of conviction, not [ ] the facts of each defendant's conduct," *Taylor v. United States*, 495 U.S. 575, 601 (1990). Hayward pled guilty to state court indictments charging him with aggravated assaults by shooting at people with a firearm -- on the state statute's elements, that's a clear "use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).[4]

---

[4] The Eleventh Circuit has held that an analogous Florida aggravated assault statute:

> is categorically a violent felony under the ACCA's elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 & n.6 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569. In *Turner*, we reasoned that an aggravated assault conviction "will always include as an element the threatened use of physical force against the person of another." *Id.* at 1338 (quotations marks and alteration omitted). This Court noted that it was not necessary to review the underlying facts of the conviction to classify aggravated assault as a violent felony because, by its own terms, the offense required a threat to do violence to the person of another.

*In re Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016); *Ziglar*, 2016 WL 4257773 at * 9.

Because Hayward's priors fall under the ACCA's elements clause, there is no *Johnson* claim and *Descamps* does not even apply:

> Again, *Descamps* addressed whether the modified categorical approach could be used when examining whether a prior felony conviction qualified as a predicate violent felony under the enumerated clause. *Descamps* had nothing to do with the residual clause. *Johnson*, on the other hand, held that the residual clause is unconstitutionally vague. *Johnson* had nothing to do with the circumstances under which the modified categorical approach could be used. Accordingly, because [Hayward's] convictions qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [Hayward] being sentenced today.

*Hires*, 825 F.3d at 1303.

Hayward's three prior ACCA predicate convictions qualified under the elements clause without regard to the ACCA's residual clause; his § 2255 motion therefore must be **DENIED**. The Court also **DENIES** as moot his motion for leave to proceed *in forma pauperis* because there is no filing fee for § 2255 motions. Doc. 37. The Court **GRANTS** his motion to supplement the record, doc. 38, but **DENIES** his motions for appointment of counsel. Docs. 44 & 45. Finally, the Court **DIRECTS** the Probation Office to file the PSR in the record, under seal.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9,

7

2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this __19th__ day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA